IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


WALTER J. TAYLOR                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 2:04-cv-239-KS-MTP

CHRISTOPHER KNIGHT, et al,                                         DEFENDANT


## REPORT AND RECOMMENDATION

Presently before the court is the *Motion For Summary Judgment* [36][1] filed on behalf of

defendants Bobby King and Dr. John Bearry.  Having considered the motion and attachments,

the entire record in this case[2] and the applicable law, the court recommends that the motion be

GRANTED.

PROCEDURAL HISTORY

Plaintiff Walter Taylor, a state prisoner proceeding *in forma pauperis* and *pro se*, brings

this action pursuant to 42 U.S.C. § 1983 against Bobby King, Dr. John Bearry, and other

defendants employed with the Mississippi Department of Corrections ("MDOC").  Defendant

Bobby King is the Health Service Administrator at the South Mississippi Correctional Institution

("SMCI") and Dr. John Bearry is the Medical Director of the Mississippi State Penitentiary

("MSP").  The Complaint [1] alleges that plaintiff was on a work detail and was injured when he

---

[1]Because the motion does not address all of the plaintiff's claims as to all defendants, it is
treated as a motion for partial summary judgment.

[2]Plaintiff's Complaint [1], his Amended Complaints [5][29], and his sworn testimony
from the omnibus hearing held on August 4, 2005, are considered herein.

fell off the back of a truck that was driven by defendant Christopher Knight.[3]  He alleges that he

was not properly treated for those injuries.  Plaintiff's Second Amended Complaint [29][4] filed on

August 5, 2005, alleges that the defendants retaliated against the plaintiff for filing the current

lawsuit and retaliated against him by denying him adequate medical care.

Defendants John Bearry and Bobby King moved for summary judgment on October 17,

2006. Plaintiff did not respond to the motion.  An order [39] was entered on March 8, 2007,

directing plaintiff to respond by March 21, 2007. Plaintiff did not file a response as directed.

Accordingly, the motion is considered without a response.

SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of

law." Fed.R.Civ.P. 56(c).  Summary judgment is proper  "where a party fails to establish the

existence of an element essential to his case and on which he bears the burden of proof. A

---

[3]The Complaint [1] filed on July 20, 2004, names as defendants Dr. John Bearry, Bobby King, Christopher Knight, James Brewer, Ronald King, Shirley Fancher, and Florence Jones. Defendants James Brewer, Ronald King and Florence Jones have answered the complaint. Summons was returned unexecuted as to defendants Shirley Fancher and Christopher Knight. The court ordered [5] that civil action 2:04cv261 be closed as it was duplicative of this action.  A copy of the complaint in 2:04cv261 was filed in this case as the first amended complaint on August 16, 2004, herein "First Amended Complaint."

[4]The Second Amended Complaint [29] names as defendants Dr. John Bearry, Christopher Epps, the MDOC Commissioner, Donald A. Cabana, the MSP Superintendent, Barbara Holloway, the MSP Deputy Warden and six other MDOC employees at MSP: Ethel Carlize, Althea Wells, Willie Ellis, Tracy Pirtle, Albert First, and Ernst Lee.  According to the record, summons was not served on these defendants and they have not answered or made an appearance.

2

complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5ᵗʰ Cir. 1988). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5ᵗʰ Cir. 1990).

All facts are considered in favor of the non-moving party, including all reasonable inferences from those facts. *Banc One Capital Partners Corp. v. Kneipper,* 67 F.3d 1187, 1198 (5ᵗʰ Cir. 1995). There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 94 (5ᵗʰ Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5ᵗʰ Cir 1994) is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5ᵗʰ Cir. 1994) (emphasis omitted).

ANALYSIS

**Inadequate Medical Care**

Plaintiff alleges in his complaint that "MDOC medical staff, including but not limited to Dr. John Bearry failed in administering the duty of care owed to the plaintiff."[5] In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which]

---

[5]Second Amended Complaint [29] and Motion [36] Exhibit 1C at ¶26.

3

constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment ... whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care...." *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976).  However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle,* 429 U.S. at 105;  A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim for a violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001),  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, plaintiff's medical records show that after he fell from the pick-up truck he was examined by a doctor and diagnosed with muskuloskeletal pain.[6]  Plaintiff was prescribed Toradol injections for pain and was admitted to the infirmary for twenty-four (24) hours observation.[7]  An x-ray of plaintiff's pelvis revealed the bony pelvis intact and no fracture was appreciated.[8]  According to the medical records,[9] after the incident occurred plaintiff was examined on eight occasions, x-rayed twice, prescribed four medications, given a lay-in status to restrict exercise and a donut cushion to use for up to six months.  Such actions on the part of the defendants do not constitute deliberate indifference.

---

[6]Omnibus hearing transcript; Motion [36], Exhibit 2, *Affidavit of Dr. John Bearry.*

[7]Motion [36], Exhibit 2, *Affidavit of Dr. John Bearry.*

[8]Motion [36], Exhibit 2, *Affidavit of Dr. John Bearry.*

[9]A copy of plaintiff's medical records are attached as Exhibit C to the Defendants' Motion [36].

4

Additionally, plaintiff alleges that defendant Dr. John Bearry is the only person that can authorize treatment by a specialist[10] and that the medical staff refused to allow him to see a neurosurgeon so that he could undergo an MRI scan.  However, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim.").  The prisoner's disagreement with the medical treatment fails to give rise to a constitutional claim under section 1983.  *Norton v. Dimazana,* 122 F.3d at 292.  Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir.1995).

Moreover, plaintiff refused treatment on at least two occasions. He refused to wait for an evaluation by the nurse after he complained of back pain and muscle spasms on July 17, 2003,[11] and plaintiff refused an x-ray that was ordered on September 13, 2004, after he was examined by the nurse practitioner and diagnosed with osteoarthritis and chronic lower back pain.[12]  *See Jones v. Smith*, 784 F.2d 149, 151-152 (2d Cir. 1986) (affirming the dismissal of prisoner's complaint in part because of the prisoner's constant refusal of medical care).

Plaintiff's medical records indicate that his sick call requests were answered, he was routinely examined, diagnoses were made, and medications prescribed.  Such evidence rebuts

[10]First Amended Complaint [5] at 4-5; Omnibus hearing transcript.

[11]Motion [36] Exhibit C, Medical Records at 00025.

[12]Motion [36] Exhibit C, Medical Records at 00002 and 000036.

5

plaintiff's allegations of deliberate indifference.  Based on the uncontroverted medical records it

is clear that plaintiff's medical needs were not met with deliberate indifference and his claim for

inadequate medical care fails.

**Retaliation**

The plaintiff alleges retaliation by Dr. Bearry in his Second Amended Complaint.[13]  "To

prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2)

the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a

retaliatory adverse act, and (4) causation." *Morris v. Powell,* 449 F.3d 682, 685-86 (5th Cir. 2006)

(quoting  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998)).  "To assure that prisoners do

not inappropriately insulate themselves from disciplinary actions by drawing the shield of

retaliation around them, trial courts must carefully scrutinize these claims." *Woods v. Smith*, 60

F.3d 1161, 1166 (5th Cir.1995).  "Mere conclusionary allegations of retaliation will not be

enough to withstand summary judgment challenge." *Woods*, 60 F.3d at 1166.  "The inmate must

allege more than his personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*,

110 F.3d 299, 310 (5th Cir.) *cert denied*, 522 U.S. 995, 118 S. Ct. 559 (1997).  "The inmate must

produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of

events from which retaliation may plausibly be inferred.' " *Id.* (citation omitted).

The plaintiff's Second Amended Complaint states his claim as follows:

>         18.     Plaintiff would assert at this time that in attempting to
>
>         obtain relief from the constant pain and suffering he has been

---

[13]The plaintiff does not allege a retaliation claim against defendant Bobby King in his
Second Amended Complaint.

experiencing to his back and anal area he has wrote several letters
to Chief of Medical Staff  Dr. John Bearry, however Dr. Bearry
never responded.[14]

Other than a conclusory allegation of retaliation, plaintiff does not establish an intent
by defendant Bearry to retaliate.  Nor does plaintiff allege an adverse act that caused him any
injury.  Because the plaintiff is unable to allege the violation of a specific constitutional right
relating to the alleged retaliation, the plaintiff has failed to state a cognizable retaliation claim.
*Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (holding that failure to identify a
specific constitutional right that defendants violated warrants dismissal).

In any event, the court has examined the issue with respect to plaintiff's alleged violation
of his right to medical care and there is no summary judgment evidence to support that element
of plaintiff's retaliation claim.  To the contrary, the affidavit of Dr. Bearry establishes that after
filing this lawsuit plaintiff was provided with medical treatment on several occasions and an x-
ray was ordered on September 12, 2004, which plaintiff refused.[15]  Moreover, plaintiff's
testimony at the omnibus hearing establishes that he saw doctors on at least twenty (20) or thirty
(30) occasions.[16]  The defendant John Bearry is entitled to summary judgment on the retaliation
claim as a matter of law.

**Qualified Immunity**

Although the defendants have raised the defense of qualified immunity, "if it becomes

---

[14]Second Amended Complaint [29] and Motion [36] Exhibit 1C at ¶18.

[15]Motion [36], Exhibit 2, *Affidavit of Dr. John Bearry* at ¶¶ 27, 28.

[16]Omnibus hearing transcript.

7

evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).  Because the court finds that the plaintiff's claims of inadequate medical care and retaliation are not cognizable as constitutional claims, it need not reach the question whether the defendants John Bearry and Bobby King are entitled to immunity. *Id.*

CONCLUSION

Based on the foregoing analysis, the court finds that plaintiff Taylor has failed to establish a genuine issue of material fact regarding his claim of deliberate indifference to his medical needs and his claim of retaliation with respect to defendants Bobby King and Dr. John Bearry. Therefore, Bobby King and Dr. John Bearry are entitled to summary judgment as a matter of law.

Based on the foregoing analysis, the court recommends that the Defendants' *Motion For Summary Judgment* [36] be GRANTED.  Plaintiff's §1983 claims against defendants Dr. John Bearry and Bobby King should be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

       SO ORDERED AND ADJUDGED this the 26th day of March, 2007.


                                   s/ Michael T. Parker
                                   United States Magistrate Judge