IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**WALTER J. TAYLOR**                                                              **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:04cv239KS-MTP**

**CHRISTOPHER KNIGHT, et al,**                                             **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#45]** filed on behalf of the remaining defendants, Ronald King, James Brewer and Florence Jones. The court, having reviewed the motion and being advised that the plaintiff has failed to respond in spite of a show cause order entered on April 25, 2007, ordering him to, finds that the motion is well taken and should be granted.

Specifically, the court finds that the plaintiff, Walter Taylor, a state prisoner proceeding *in forma pauperis* and *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against Bobby King, Dr. John Bearry, Ronald King, James Brewer and Florence Jones. Bobby King is the Health Service Administrator at the South Mississippi Correctional Institution ("SMCI") and Dr. John Bearry is the Medical Director of the Mississippi State Penitentiary ("MSP"). Both of these defendants were dismissed by separate judgment on April 10, 2007. The remaining three defendants are officials and officers employed with the Mississippi Department of Corrections ("MDOC").

The Complaint alleges that the plaintiff was on a work detail and was injured when he fell off the back of a truck that was driven by Christopher Knight. He alleges

that he was not properly treated for those injuries.  The plaintiff's Second Amended Complaint filed on August 5, 2005, alleges that the defendants retaliated against him for filing the current lawsuit and retaliated against him by denying him adequate medical care.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*,

799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment

3

cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

The plaintiff must establish, as a prerequisite to maintaining a Section 1983 claim, the following:

(a) that the defendants were acting under color of state law, and

(b) that while acting under color or state law, the defendants violated rights of the plaintiff that are protected by the United States Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981);

*Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984).

There is no dispute that the remaining defendants were acting under color of state law at all relevant times. Further, the plaintiff has alleged a violation of protected Constitutional rights under the Eighth Amendment so as to trigger potential liability under § 1983.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment ... whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care...." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

However, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle*, 429 U.S. at 105. A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim for a violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the plaintiff's medical records show that after he fell from the pick-up truck he was examined by a doctor and diagnosed with muskuloskeletal pain. The

5

plaintiff was prescribed Toradol injections for pain and was admitted to the infirmary for twenty-four (24) hours observation. An x-ray of the plaintiff's pelvis revealed the bony pelvis intact and no fracture was appreciated. According to the medical records, after the incident occurred the plaintiff was examined on eight occasions, x-rayed twice, prescribed four medications, given a lay-in status to restrict exercise and a donut cushion to use for up to six months. This court found in its April 10 Order that such actions on the part of the defendant medical care providers do not constitute deliberate indifference. This finding negates any claim that the plaintiff can pursue as to deliberate indifference on the part of the remaining defendants as there is no liability under § 1983 based on *respondeat superior*. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978) and *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1303 (5th Cir. 1995).

The plaintiff also alleges that the defendants retaliated against him for filing this action, in his Second Amended Complaint. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir. 2006) (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998)). "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995). "Mere conclusionary allegations of retaliation will not be enough to withstand summary judgment challenge."

*Woods*, 60 F.3d at 1166.  "The inmate must allege more than his personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.)(*cert* denied, 522 U.S. 995, 118 S. Ct. 559 (1997)).  "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.* (citation omitted).

Other than a conclusionary allegation of retaliation, the plaintiff does not establish an intent by any of the defendants to retaliate against him.  Nor does the plaintiff allege an adverse act that caused him any injury.  Because the plaintiff has failed to allege the violation of a specific constitutional right relating to the alleged retaliation, the plaintiff has failed to state a cognizable retaliation claim.  *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (holding that failure to identify a specific constitutional right that defendants violated warrants dismissal).

Although the defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).  Because the court finds that the plaintiff's claims of inadequate medical care and retaliation are not cognizable as constitutional claims, it need not reach the question whether the defendants are entitled to immunity. *Id.*

Based on the foregoing analysis, the court finds that plaintiff Taylor has failed to establish a genuine issue of material fact regarding his claim of deliberate indifference to his medical needs or on his claim of retaliation with respect to defendants Ronald

King, James Brewer or Florence Jones.  Therefore, these defendants are entitled to summary judgment as a matter of law.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#45]** filed on behalf of defendants Ronald King, James Brewer and Florence Jones is hereby Granted and the plaintiff's complaint is dismissed with prejudice and any other pending motions are dismissed as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 17th day of May, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE